By the Court. Campbell, J.
The principal points raised and discussed on the argument, were these:—
I. That there was no evidence of a contract, or if there was evidence, the contract was void, not being in writing, and subscribed by the defendants.
II. That the order or contract was not an agreement to purchase iron of the plaintiffs, but only an employment of the plaintiffs to purchase iron for the defendants, and that it did not appear that the plaintiffs had made any such purchase, and therefore could not recover.
As to the first point, we are all of opinion that this is a legal and valid order, and binding upon the defendants. It was not necessary that it should be addressed. It was delivered to the agents of the plaintiffs. The case of The Union Bank of Louisiana v. Coster (1 Sand. S. C. R. 566, affirmed in Court of Appeals, 3d Coms. 205), is an authority that the absence of an address or designation in writing, of the party to whom a proposition of contract is made, does not render the contract void under the statute of frauds. This proposition and acceptance we deem sufficient.
*150 As to the second point: The defendants’ order or proposition was for 500 tons of iron, &c., “ to be purchased and shipped immediately, at current rates,” and as showing how the agent, Crookes, himself understood the order, he says, in his letter to plaintiffs forwarding the order: “ The Coalbrookdale Co. will please purchase and ship to my order, &c.” The rule contended for by the defendants is well settled, that an agent or factor to buy or sell for his principal, cannot buy from or sell to himself. (--- v. Girod, 4 How. U. S. R. 553 to 560; Heys v. Stone, 7 Hill, 135, and same case in Court of Errors, 3 Denio, 580.)
It does not satisfactorily appear what the facts are, whether the plaintiffs purchased the iron, or furnished it from their own stock. If purchased, we think the fact should be made to appear, and if proved, the plaintiff would be entitled to recover. If, on the other hand, the iron was furnished from their own stock, the defendants would be entitled to a dismissal of the complaint.
Where an agent or factor sells to a purchaser from himself, it is not sufficient that it is made to appear that the prices paid or charged were the current rates in the market. The contract set up in such cases cannot be enforced, not because the principal has been injured, but because it is against public policy. In this case, on a careful examination., it will be found that the other 500 tons of iron, purchased by the defendants, and forwarded from Glasgow, and the evidence in reference to which was put in by the defendants, when difference in freight and commission are added, must have been within a small portion of the price charged for the iron in question. Conceding that the iron in question was furnished by the plaintiffs from their own stock, the defendants were not sufferers, as it appears from other evidence that the price charged was the current ruling price in the market. Still, in the view we take of the law, the plaintiffs are bound to show that they made the purchase of the iron in question, and were not themselves the sellers, and to -enable them to give this evidence there must be a new trial. Costs to abide the event.